IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANET LAMAR, : | |
| : | |
| Plaintiff, : | |
| : | No. 5:24-CV-276 (CAR) |
| v. : | |
| : | |
| WAL-MART STORES EAST, LP and : | |
| JOHN DOES 1-5, : | |
| : | |
| Defendants. : | |
| : | |

### CONSENT PROTECTIVE ORDER

THE COURT ALERTS THE PARTIES THAT IT HAS MODIFIED PARAGRAPHS 5 AND 6 AND ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE AGREED ORDER SUBMITTED TO THE COURT.

COMES NOW, Plaintiff and Defendant, by and through their counsel of records, and moves for a protective order pursuant to Fed. R. Civ. P. 26(c) for the purpose of protecting confidential and proprietary commercial information and trade secrets of Defendant and of all other Walmart entities

1.

This protective order shall apply to documents and things marked "CONFIDENTIAL" prior to production by the producing party in this matter, as well as to any deposition testimony concerning such documents and things.

1

2.

All such documents, things, and testimony marked "CONFIDENTIAL" pursuant to Paragraph 1 above shall be used only in the course of the above-captioned proceedings, or in any renewal action; and shall not be used, or provided for use, in any other litigation or proceedings, or published (orally, electronically, or by any other means) to any person, except as designated herein.

3.

Any counsel of record in this action may disclose protected materials and information to their employees to whom it is necessary that the material be disclosed for purposes of this litigation. The counsel making such a disclosure must ensure that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Before receiving access to any materials or information within the scope of this Order, any person not employed by a party or its counsel, including consulting or testifying experts, shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. All parties and their respective counsel who permit access to Protected Documents to such a person shall retain each such executed "Written Assurance" and shall keep a list identifying all persons described in this paragraph to whom protected documents have been disclosed.

5.

Any party contesting whether or not a document or thing should be marked "CONFIDENTIAL" will notify the producing party, via counsel and in writing, and will specify the materials or information for which the protected status is disputed. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

If the Parties cannot resolve a challenge without Court intervention, the Challenging Party must contact Beverly Lillie, Courtroom Deputy (478-752-3445) to request a telephone conference with the Court **BEFORE** filing a motion challenging a confidentiality designation. Each such motion must be accompanied by a certification affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper

purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.

If the parties wish to file protected material under seal, a Motion to Seal must be filed and a PDF copy of the document(s) to be filed under seal must be e-mailed to the Macon Clerk's Office at macon.ecf@gamd.uscourts.gov.

7.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties, their respective counsel, and upon all other persons to whom protected materials or information have been communicated or disclosed pursuant to this Order or to any other order of this Court.

8.

It is understood that if any person knowingly violates this Protective Order, said person shall pay such penalties to the producing party as the Court deems appropriate, including any attorneys' fees or expenses associated with the prosecution of said violation, and any other sanctions that the Court finds appropriate under the circumstances.

9.

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this order with the following condition.  Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.  If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial.  The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion.  The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

**SO ORDERED,** this 2nd day of January, 2025.

                                                  s/ C. Ashley Royal_____
                                                  C. ASHLEY ROYAL, SENIOR JUDGE
                                                  UNITED STATES DISTRICT COURT

Consented to:

| | |
|---|---|
| /s/ Drew Gilliand | /s/ Nicholas E. Deeb |
| Drew Gilliand | Nicholas E. Deeb |
| Georgia Bar No. 116570 | Georgia Bar No. 117025 |
| Counsel for Plaintiff | Counsel for Defendant |
| 351 Atlanta St., SE | 3445 Peachtree Road, N.E., Suite 500 |
| Marietta, GA 30060 | Atlanta, GA 30326-3240 |
| (404) 902-9969 | (404) 365-4535 |
| dgilland@schnyderlawfirm.com | ndeeb@mmatllaw.com |