IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANET LAMAR, ) | |
| ) | Civil Action File No. |
| Plaintiff, ) | 5:24-cv-00276 (CAR) |
| v. ) | |
| ) | |
| WAL-MART STORES EAST, LP ) | |
| AND JOHN DOES 1-5, ) | |
| ) | |
| Defendants. ) | |

**WAL-MART STORES EAST, LP'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS**

COMES NOW, Defendant Wal-Mart Stores East, LP (hereinafter "Defendant" and/or "Walmart"), and, by and through undersigned counsel, timely files this Response in Opposition to Plaintiff's Motion to Compel Depositions, showing this honorable Court as follows:

**I.     Plaintiff's Motion Is, Once Again, Unauthorized.**

Plaintiff[1] filed the instant Motion to Compel on December 22, 2025. See ECF 42. However, Plaintiff failed to contact the Court to set up a telephone conference and attempt to resolve any discovery issues before filing such Motion. As Plaintiff

---

[1] All instances of "Plaintiff" should be construed as "Plaintiff's counsel" or "Plaintiff" based on context.

Page | 1

is aware, filing a Motion to Compel without first making such an attempt at resolution violates the Court rules.

Plaintiff has previously filed a Motion to Compel in this action in violation of the same rule. <u>See</u> ECF 21. The Court made clear that such filing was unacceptable and not to be repeated:

> **THE COURT:** Okay. Well, to start off with, Mr. Gilliand, you are not authorized to file a motion to compel in my Court without first calling and setting up a telephone conference and trying to resolve discovery issues before a motion to compel is filed.
>
> **MR. GILLIAND:** Okay.
>
> **THE COURT:** So you have violated the Court rule that has been the Court rule for 23 years. And 99 percent of the time, these issues are resolved before a motion to compel has to be filed. So I'm going to deal with that today, but please don't do this again in the future.
>
> **MR. GILLIAND:** Yes, sir.

ECF 23, 2:19-3:5. A mere four months later, Plaintiff has again attempted to circumvent the Court rules. The parties should have been allowed the chance to participate in a telephone conference and attempt to resolve any discovery issues before Defendant was forced to incur potentially unnecessary time and expense in

responding to the instant Motion. Unfortunately, due to Plaintiff's disregard for the Court's rules, Defendant must regrettably file this Response.

## II. Plaintiff Has Not Been Diligent in Pursuing Discovery.

Plaintiff's Motion seems to blame everyone and everything except Plaintiff for Plaintiff's own neglect. The simple issue is that Plaintiff has not been diligent in pursuing discovery and now seeks a scapegoat to take the blame.

Plaintiff blames "the flu" for "incapacitat[ing] [Plaintiff] from December 5th to December 16th, [2025]." ECF D42 p. 2. Notwithstanding that there are multiple individuals listed as Plaintiff's counsel on Plaintiff's Motion, any of whom could have diligently pursued discovery, Plaintiff's apparent incapacitation did not occur until more than a month after the discovery period had closed. See ECF D29.

As further shown herein, Plaintiff's failure to diligently pursue discovery should not be excused by a series of inapplicable reasons which amount to Plaintiff's own neglect.

### A. Latealhia Wimberly.

#### i. **Plaintiff provides zero evidence that Ms. Wimberly's errata sheet materially changed her testimony.**

As an initial matter, Plaintiff's claim that Ms. Wimberly's errata sheet materially changed her deposition testimony is not properly supported. Plaintiff provides **exactly zero (0) examples of material changes** in Ms. Wimberly's errata

sheet, much less any explanation of why such changes are material. See ECF D42. Rather, Plaintiff's Motion provides **exactly one (1) purported material change** to Ms. Wimberly's deposition but alleges that it comes from Ms. Wimberly's Declaration, not her errata sheet. See ECF D42 p. 3.

Plaintiff asks the Court to take Plaintiff's word that Ms. Wimberly's errata sheet "render[s] her original deposition incomplete and questionable," without any explanation as to how or why. Such an empty argument further reflects Plaintiff's attempt to excuse his own neglect in failing to diligently pursue discovery. Plaintiff fails to provide any examples of Ms. Wimberly's supposed "material changes" in her errata sheet yet demands that Plaintiff be allowed to make Ms. Wimberly sit for a second deposition months after the discovery period has closed. As a result, Plaintiff's Motion should be denied in its entirety.

Moreover, the alleged "material change" in Ms. Wimberly's Declaration is non-existent. On May 2, 2025, Plaintiff deposed Walmart's 30(b)(6) designee, Daryl Robinson, and, immediately after, deposed Ms. Wimberly. In Mr. Robinson's deposition, Plaintiff questioned Mr. Robinson about Ms. Wimberly's inspection of the area of the incident five minutes before the incident occurred. (ECF No. 46-4 at 37:12-43:8, 48:3-49:9). Later on the same day, Ms. Wimberly testified in her deposition that she inspected the area of the incident five minutes

before the incident.  (ECF No. 46-3 at 11:4-24).  So there is no conflict as to the key evidence relevant to the Motion for Summary Judgment, i.e., Ms. Wimberly's five-minute inspection. Plaintiff claims that "Ms. Wimberly contradicts herself on substantive and materially relevant facts, such as what time the fall happened," though as noted, Plaintiff provides just one example.  ECF D42 p. 3.  Plaintiff claims that "Ms. Wimberly testified [at deposition] that the fall happened at 12:40 pm, but in her affidavit, she coincidentally remembers that the fall happened at 12:55 pm."  Id. at 3.  Plaintiff mischaracterizes the nature of both instances of testimony.  At deposition, Ms. Wimberly's testimony was:

> **Q.** Okay.  The fall happened, like, a little bit before 1, like between 12:50 and 1.  I don't know the exact time.  Well, maybe – do you happen to know the exact time?
>
> **A.** That it happened?
>
> **Q.** Yeah.
>
> **A.** I'm – it was, like, 12:40, somewhere – almost – almost 1 – 15 minutes to 1.

Wimberly Dep. 9:3-11.  Ms. Wimberly was far from certain about the exact time of the fall, testifying that it occurred at almost 1:00 pm, possibly 12:40 pm or 12:45 pm.  Further, such testimony was given based purely on her recollection of the events; she was not asked to recite what time the incident occurred in the subject

video. By contrast, Ms. Wimberly's Declaration specifically concerns the time the incident occurs **in the subject video**:

> I have watched the video from that day and looked at pictures of the spill taken after the incident, and I understand that Plaintiff's incident occurred at approximately 12:55 p.m.

Wimberly Aff. ¶ 3. Such testimony is not only not contradictory, but it also answers two completely different questions. Moreover, as stated above, Plaintiff has long had Ms. Wimberly's and Mr. Robinson's testimony that Ms. Wimberly made an inspection of the area of the incident five minutes before the incident. Accordingly, Plaintiff has failed to demonstrate any material change.

### ii.   Plaintiff has had access to the errata sheet since June 2025.

Plaintiff deposed Ms. Wimberly on May 2, 2025, as reflected in the exhibit Plaintiff attached in support of the instant Motion. See ECF D42-1. Ms. Wimberly signed her errata sheet on June 13, 2025. See ECF 42-4. The transcript was first made available by the court reporter on May 14, 2025. (Ex. C, Email from court reporter with transcript). The errata sheet was timely provided to the court reporter on June 13, 2025. (Ex. D, Email to court reporter with errata).

Fed. R. Civ. P. 30 does **not** require a defendant (or any party) to produce an errata sheet to a plaintiff (or any party). Rather, the court reporter must note in the Rule 30(f)(1) certificate that a review was requested, must attach any changes

the deponent makes in the 30-day period, and must promptly send it to the attorney(s) who arranged for the transcript. See Fed. R. Civ. P. 30. Plaintiff's own exhibit purporting to show his "attempts to resolve" the instant dispute reflect that he may have "missed" the errata sheet when it was sent. See ECF D42-2.

As a result, if Plaintiff has suffered any prejudice, it is due to his own neglect and his failure to diligently pursue discovery. But, regardless, Plaintiff has long known about Ms. Wimberly's five-minute inspection, and there is no prejudice to Plaintiff. Plaintiff's Motion should therefore be denied in its entirety.

**B.   Shanterica Johnson.**

    **i.   Timely disclosure.**

First, on January 23, 2025, Defendant informally disclosed the names of individuals, including Ms. Johnson, identified in the store video. See Emails, attached as Exhibit "A". Then, on February 10, 2025, Defendant formally and timely disclosed Ms. Johnson as a former employee, even disclosing Defendant's belief that Ms. Johnson had conducted an inspection at the time set forth in her later declaration. See Supplemental Discovery Responses, attached as Exhibit "B". Finally, on September 10, 2025, Defendant formally and timely disclosed former employee Ms. Johnson's last known contact information. See ECF D42-3. On

October 6, 2025, the Court entered an order extending the discovery period through October 30, 2025.  See ECF D29.

Accordingly, Plaintiff had access to Ms. Johnson's identity and the fact that Defendant believed Ms. Johnson had conducted an inspection at the time set forth in her later brief, for nearly nine (9) months prior to the expiration of the discovery period.  Moreover, Plaintiff had access to Ms. Johnson's last known contact information for nearly two (2) months prior to such expiration.  Plaintiff had all the relevant information to be able to notice Ms. Johnson's deposition and subpoena her, but Plaintiff chose not to do so.

On November 26, 2025, Ms. Johnson signed her declaration, and it was filed as support for Defendant's Motion for Summary Judgment on the same day. (ECF No. 33-5).  Based on these facts, Plaintiff has not shown any entitlement to reopen discovery so as to depose Ms. Johnson.  As a result, Plaintiff's Motion should be denied in its entirety.

### III. Plaintiff Has Not Made a Genuine Attempt to Resolve the Subject Dispute and Has Evidently Suffered No Prejudice from Defendant.

Plaintiff's claim that he "attempted to resolve" the subject issues without court intervention is without merit.  A naked request to re-depose a witness more than a month after the close of the discovery period based on the taking party's

own neglect is not a legitimate attempt to resolve a discovery dispute. Defendant is under no obligation to offer multiple depositions or depositions outside of the discovery period simply because Plaintiff failed to examine the deponent's errata sheet for six (6) months and seemingly failed to notice its existence. As evidenced by Plaintiff's "Exhibit 2, Emails to Walmart", Plaintiff provided zero justification for his failure to diligently pursue discovery within the discovery period, even noting that he may have "missed" the errata sheet. See ECF D42-2.

Regarding Ms. Johnson, Plaintiff has known that Defendant believed she had conducted an inspection at the time set forth in her later declaration since February 2025. Defendant then gave Ms. Johnson's last known contact information to Plaintiff in early September 2025, nearly a month before the Court entered an order **extending** the discovery period for another month. Put together, Plaintiff was given nearly nine (9) full months in which to depose Ms. Johnson, nearly two (2) full months of which Plaintiff certainly had Ms. Johnson's last known contact information. Plaintiff evidently chose to do nothing to diligently pursue what he now claims is a critical deposition for that entire period. Plaintiff's request to allow him to depose Ms. Johnson months after the close of the discovery period does not constitute a legitimate attempt to resolve the dispute. Plaintiff simply failed to exercise due diligence. Defendant is under no obligation to

unilaterally reopen discovery and make a witness available for deposition who Plaintiff has known about since February 2025.

In addition to the foregoing, the fact that Plaintiff has already filed a Response to Defendant's Motion for Summary Judgment further demonstrates the lack of prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Walmart respectfully requests the Court DENY Plaintiff's Motion to Compel Depositions.

Respectfully submitted this 26th day of January, 2026.

                              **McLAIN & MERRITT, P.C.**

                              */s/ Jackson Taylor*
                              Jackson Taylor
                              Georgia Bar No. 828885
                              Nicholas E. Deeb
                              Georgia Bar No. 117025
                              Attorneys for Defendant
                              WAL-MART STORES EAST, LP

3445 Peachtree Road N.E., Suite 500
Atlanta, GA 30326;v(404) 365-4535
jtaylor@mmatllaw.com; ndeeb@mmatllaw.com

The undersigned counsel certifies that the foregoing was prepared with one of the fonts and point selections approved by the court in LR 5.1B.

                              */s/ Jackson Taylor*
                              Jackson Taylor

## CERTIFICATE OF SERVICE

I hereby certify that I have this date, January 26, 2026, served a copy of the within and foregoing **DEFENDANT WAL-MART STORES EAST, LP'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS** upon counsel for all parties via CM/ECF SYSTEM.

                                               **McLAIN & MERRITT, P.C.**

                                               */s/ Jackson Taylor*
                                               Jackson Taylor
                                               Georgia Bar No. 828885
                                               Nicholas E. Deeb
                                               Georgia Bar No. 117025
                                               Attorneys for Defendant
                                               WAL-MART STORES EAST, LP

3445 Peachtree Road N.E., Suite 500
Atlanta, GA 30326
(404) 365-4535
(404) 364-3138 (fax)
jtaylor@mmatllaw.com
ndeeb@mmatllaw.com