IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANET LAMAR, ) | |
| ) | Civil Action File No. |
| Plaintiff, ) | 5:24-cv-00276 (CAR) |
| v. ) | |
| ) | |
| WAL-MART STORES EAST, LP ) | |
| AND JOHN DOES 1-5, ) | |
| ) | |
| Defendants. ) | |

**WAL-MART STORES EAST, LP'S SUPPLEMENTAL ANSWERS/RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant Wal-Mart Stores East, LP and supplements its Answers/Responses to Plaintiff's Interrogatories and First Request for Production of Documents as follows:

8.

Please state the inspections performed by Walmart employees in the area where Plaintiff fell before she fell. Please also indicate who performed the inspection and whether that inspection was documented and preserved on Walmart's surveillance cameras.

EXHIBIT "B"

**ANSWER:** Defendant objects to Interrogatory No. 8 on the grounds that it is vague, overbroad, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that this Interrogatory seeks sensitive confidential proprietary business documents, trade secrets, and other protected intellectual property of Defendant. Further, Defendant objects that this interrogatory is premature, as discovery has just commenced, and Plaintiff's deposition has not yet taken place. Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel.  Subject to and without waiving said objections, Defendant will produce, for use in the subject litigation only, and subject to a fully executed Consent Protective Order (proposed order attached hereto as Exhibit A), its confidential policies and procedures regarding floor safety. Further, Walmart produces the following:

- IRS Report
- Customer Statement
- Witness Statement of Natasha Oliver
- Witness Statement Daryl Robinson
- Evidence Collection Sheet
- Photographs (5)
- Store Videos Clips 1-4, and "Export_PTZ_26.avi" (and the program to play it)

*Supplemental Answer:* Subject to and without waiving the objections stated above, pursuant to a fully executed Consent Protective Order entered on January 3, 2025, Defendant is producing, for use in the subject litigation only, the confidential relevant portions of the policies, procedures, and training materials applicable to the subject store on the incident date regarding floor safety.

*Additionally, Defendant states:*

- *Team Lead Latealhia Wimberly conducted a clean-as-you-go visual inspection at approximately 12:50 p.m., and, at that time, nothing was on the floor.*
- *It is believed that former Online Grocery Pickup Associates Chelsea James and Shanterica Johnson also performed clean-as-you-go visual inspections between 12:10 and 12:12 p.m.*

9.

Please provide the names of all employees and ex-employees who worked at the Walmart on the day and time that Plaintiff fell. If Walmart is claiming to represent ex-employees, please provide evidence of the attorney-client relationship.

**ANSWER:** Defendant objects to Interrogatory No. 9 on the grounds that it is over broad and vague. Defendant employs hundreds of associates at the

store in question most of whom have no personal knowledge of the alleged incident; were not witnesses to the alleged incident; do not work in the same department where the alleged incident occurred; and would necessarily include office and warehouse associates who do not even work on the sales floor. Further, said Interrogatory is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Walmart requests in good faith that Plaintiff narrow this request. Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel. Subject to these objections, Defendant identifies the following associates who may have knowledge relevant to this litigation: Natasha Oliver (Assistant Manager) and Daryl Robinson (Assistant Manager).

*Supplemental Answer:* *Subject to and without waiving the objections stated above, on January 23, 2025, Defendant informally provided Plaintiff with names of individuals that had been identified in the store video. Defendant is formally providing those names as follows:*

- *Digital Team Lead Latealhia Wimberly*
- *Digital Coach Jasmine Goolsby*
- *Team Lead Brandon Stanley*
- *Personal Shopper Shanterica Johnson (former)*

- *Personal Shopper Chelsea James (former) (page 3 of still shots previously provided on 1-23-2025)*
- *Personal Shopper Latoya Walker (former) (pages 1 and 6 of still shots previously provided on 1-23-2025)*
- *Personal Shopper Zerekah Rouse (former) (page 5 of still shots previously provided on 1-23-2025)*

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce a camera schematic of this Walmart store.

**RESPONSE:** Defendant objects to Request No. 1 on the grounds that it is vague; over broad; is not reasonably limited to the issues in this litigation; and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that this Interrogatory seeks sensitive confidential proprietary business documents, trade secrets, and other protected intellectual property of Defendant. Subject to and without waiving said objections, Defendant will produce, for use in the subject litigation only, and subject to a fully executed Consent Protective Order (proposed order attached hereto as Exhibit A), its confidential camera schematics for the subject Store.

<u>*Supplemental Response:*</u> *Subject to and without waiving the objections stated above, pursuant to a fully executed Consent Protective Order entered*

*on January 3, 2025, Defendant is producing, for use in the subject litigation only, its confidential camera schematic.*

2.

Please produce Walmart's policies and procedures as they relate to: floor safety, inspecting the floors for hazards, cleaning the floors, employee training, and any other policy or procedure that is relevant to the present litigation.

> **RESPONSE:** Defendant objects to Request No. 2 on the grounds that it is vague, overbroad, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that this Request seeks sensitive confidential proprietary business documents, trade secrets, and other protected intellectual property of Defendant. Defendant states that all associates have some responsibility to inspect some portion of the Store premises. Subject to and without waiving said objections, Defendant states that all associates have some responsibility to inspect some portion of the Store premises. Further, subject to and without waiving said objections, Defendant will produce, for use in the subject litigation only, and subject to a fully executed Consent Protective Order (proposed order attached hereto as Exhibit A), its confidential policies and procedures regarding floor safety.

*Supplemental Response: Subject to and without waiving the objections stated above, pursuant to a fully executed Consent Protective Order entered on January 3, 2025, Defendant is producing, for use in the subject litigation only, its confidential policies and procedures regarding floor safety.*

3.

Please produce all documents that you received from third party requests, open record act requests, or by subpoena as they relate to Plaintiff, Plaintiff's claims, Plaintiff's injuries/medical treatment/medical history, or Walmart's defenses.

**RESPONSE:** Defendant will produce responses to Defendant's non-party requests for production of documents (if any) to Plaintiff's medical providers subject to reasonable copying costs.

*Supplemental Response: Defendant is producing the following: Georgia Spine & Ortho, Ortho & Spine Surgery, Piedmont Henry, Radiology Associates of Macon, Renovation Chiropractic, Resurgens, and Webster Pharmacy.*

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT WAL-MART STORE EAST, LP'S SUPPLEMENTAL ANSWERS/RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** upon counsel for all parties by email as provided to the Court addressed as follows and all document via One Drive Link:

Drew Gilliand
Nick Schnyder Law Firm, LLC
dgilland@schnyderlawfirm.com

This 10th day of February, 2025.

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com