IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

|  |  |  |
|---|---|---|
| JANET LAMAR, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:24-cv-00276-CAR |
| | : | |
| WAL-MART STORES EAST LP and | : | |
| JOHN DOES 1-5, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER DENYING MOTION TO COMPEL

Currently pending before the Court is Plaintiff's Motion to Compel, seeking the Court grant leave to re-depose one witness, compel Defendant to make available two witnesses for depositions, and extend the time to respond to Defendant's summary judgement motion.[1] For the reasons explained below, the Court **DENIES** the Motion [Doc. 42].

## BACKGROUND

On August 5, 2022, Plaintiff Janet Lamar slipped and fell on a substance on the floor at Defendant Walmart Stores East LP's store in Macon.[2] On July 9, 2024, in Bibb

---

[1] Doc. 42.
[2] Doc. 1-3.

1

County State Court, Plaintiff Janet Lamar filed her Complaint,[3] and on August 14, 2024, Walmart timely removed this case.[4]

On September 30, 2024, this Court entered its Scheduling and Discovery Order, which provides "[b]efore moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Beverly Lillie Courtroom Deputy, beverly_lillie@gamd.uscourts.gov to request a telephone conference with the Court."[5]

On January 23, 2025, Walmart informally emailed Plaintiff names of individuals, including Shanterica Johnson, a former Walmart personal shopper, and Latealhia Wimberly, a Walmart employee, who had been identified in the store video of Plaintiff's incident.[6] Later, on February 10, 2025, Walmart formally provided this information to Plaintiff in Walmart's First Supplemental Answers/Responses to Plaintiff's First Interrogatories and Request for Production of Documents.[7]

---

[3] *Id.*

[4] Doc. 1.

[5] Doc. 6 at 6.

[6] Doc. 42-3 at 2; Doc. 55-1.

[7] Doc. 42-3 at 1-3; Doc. 55-2.

2

On May 2, 2025, Mr. Gilliland took Ms. Wimberly's deposition,[8] and on June 13, 2026, Ms. Wimberly executed her errata sheet, listing changes to her deposition testimony.[9]

On September 10, 2025, Walmart served Plaintiff with Walmart's Third Supplemental Answers to Plaintiff's Interrogatories and Request for Production of Documents which provided Ms. Johnson's last known phone number and address.[10] On October 30, 2025, the deadline for discovery expired.[11]

On November 26, 2025, Walmart filed its Motion for Summary Judgment and attached the following: (1) Excerpts from Ms. Wimberly's Deposition with her Errata; (2) Ms. Johnson's Declaration; and (3) Ms. Wimberly's Supplemental Declaration.[12] Both declarations were executed on November 26, 2025.[13]

On December 22, 2025, Mr. Gilliland violated this Court's Scheduling Order for the second time by filing Plaintiff's Motion to Compel Depositions before contacting and requesting a telephone conference with the Court.[14] On January 26, 2026, Walmart responded.[15]

---

[8] Doc. 42-1.

[9] Doc. 42-4; Doc. 33-4.

[10] Doc. 42-3 at 4.

[11] Doc. 29.

[12] Doc. 33; Doc. 33-4; Doc. 33-5; Doc. 33-8.

[13] Doc. 33-5; Doc. 33-8.

[14] Doc. 42; *see* Doc. 21; Doc. 23 at 2:19-3:5.

[15] Doc. 55.

## DISCUSSION

In her Motion to Compel Depositions, Plaintiff seeks an order granting leave to depose Ms. Wimberly again and to compel Walmart to make Ms. Wimberly and Ms. Johnson available for depositions.[16] Plaintiff also requests this Court extend Plaintiff's time to respond to Walmart's Motion for Summary Judgment.[17] For the reasons explained below, the Court **DENIES** the Motion [Doc. 42].

### I. Requested Second Deposition of Ms. Wimberly

Plaintiff contends alleged material changes in Ms. Wimberly's deposition testimony entitle Plaintiff to depose Ms. Wimberly a second time under Fed. R. Civ. P. 30(a)(2)(A)(ii). This Court disagrees.

Fed. R. Civ. P. 30(a)(2)(A)(ii) provides "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)[] . . . if the parties have not stipulated to the deposition and[] the deponent has already been deposed in the case[.]" Thus, "the Court has the discretion to grant leave for a second deposition[]" of a person previously deposed.[18]

Regarding the scope of permissible discovery, Rule 26(b)(1) provides:

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

---

[16] Doc. 42.

[17] Doc. 42.

[18] *Mokris v. United States*, No. 2:20-CV-34-JES-MRM, 2021 WL 8822316, at *2 (M.D. Fla. July 15, 2021) (citing *Isaac v. RMB Inc.*, 604 F. App'x 818, 821 (11th Cir. 2015)).

case, considering . . . the importance of the discovery in resolving the issues[] and whether the burden or expense of the proposed discovery outweighs its likely benefit[.]"[19]

Rule 26(b)(2)(C) requires the Court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[20]

Accordingly, the requested deposition must be proportional to the needs of the case to be permissible.

Here, Plaintiff seeks to depose Ms. Wimberly for the second time to question her regarding changes she made to her previous deposition testimony. If Ms. Wimberly's declaration or errata sheet "flatly contradicts her own prior deposition testimony" without explanation, then the Court may use the sham affidavit rule to disregard Ms. Wimberly's supplemental declaration and apply the analogous rule to disregard Ms. Wimberly's errata sheet for the purpose of Defendant's pending motion for summary judgment.[21] Thus, the proposed discovery would be of low importance and impose an undue burden on Ms. Wimberly and Walmart. Because Plaintiff's requested deposition

---

[19] Fed. R. Civ. P. 26(b)(1).

[20] Fed. R. Civ. P. 26(b)(2)(C).

[21] *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1306 (11th Cir. 2016); V*an T. Junkins & Assoc., Inc. v. U.S. Indust., Inc.*, 736 F.2d 656, 657 (11th Cir.1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."); *Great Lakes Ins. SE v. Wave Cruiser LLC*, 36 F.4th 1346, 1357 n.7 (11th Cir. 2022) (adopting the sham affidavit approach for errata sheets that contradict the substance of prior deposition testimony) (citing *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000)).

would obtain disproportionate and unduly burdensome discovery, the Court **DENIES** Plaintiff's request to depose Ms. Wimberly again.

## II. Requested Deposition of Ms. Johnson

Plaintiff also contends Walmart deprived Plaintiff of the opportunity to depose Ms. Johnson by failing to timely supplement its disclosures, thereby entitling Plaintiff to Rule 37(e) sanctions against Walmart, specifically leave to depose Ms. Johnson after the discovery period has expired.[22] Plaintiff further asserts Walmart "violate[d] the spirit of [Fed. R. Civ. P.]  26(e)'s requirement" to timely supplement disclosures by "fail[ing] to supplement its disclosures to indicate that it had located Ms. Johnson and intended to rely on Ms. Johnson's testimony in its [motion for summary judgment.]"[23]

Contrary to Plaintiff's assertions, Walmart timely notified Plaintiff Ms. Johnson was a possible witness over one year ago when Walmart identified her as a person in the store video of Plaintiff's incident, and Walmart provided Plaintiff with Ms. Johnson's last known contact information, including her address and phone number, over two months before Walmart filed its motion for summary judgment, well within the discovery period, in Walmart's Third Supplemental Answers to Plaintiff's Interrogatories.[24] Thus, Walmart exercised its duty under Rule 26(e) to timely supplement its disclosures and answers to

---

[22] Doc. 42.

[23] *Id.*

[24] Doc. 55-1; Doc. 55-2; Doc. 42-3 at 4.

interrogatories and provided timely notice to Plaintiff that Ms. Johnson may be used as a witness. But despite receiving timely notice, Plaintiff decided not to depose Ms. Johnson and must now live with the consequences of that decision. Thus, the Court **DENIES** Plaintiff's request to depose Ms. Johnson.

As a result, the Court also **DENIES AS MOOT** Plaintiff's request for an extension of time to respond to Defendant's motion for summary judgment until five days after she receives Ms. Wimberly's and Ms. Johnson's deposition transcripts.[25] Thus, the Court **DENIES** Plaintiff's Motion to Compel [Doc. 42].

## CONCLUSION

For the reasons explained above, the Court **DENIES** Plaintiff's Motion to Compel [Doc. 42].

**SO ORDERED,** this 3rd day of February, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[25] Doc. 42 at 11-13.